104 N.J. Super. 405 (1969)
250 A.2d 156
MANHATTAN TRAILER COURT AND TRAILER SALES, INC., A NEW JERSEY CORPORATION, PETITIONER-RESPONDENT,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT, AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 1969.
Decided February 19, 1969.
*406 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Nicholas S. Schloeder argued the cause for respondent-appellant.
Mr. Leo Rosenblum argued the cause for petitioner-respondent.
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This appeal involves the issue whether house trailers (mobile homes) parked in a trailer camp are taxable as real property. The Division of Tax Appeals ruled that, on the facts presented, the trailers were not permanently affixed to the realty and were not taxable as improvements on real property. The township has appealed this ruling. For reasons hereinafter detailed, we affirm the Division ruling.
Manhattan Trailer Court and Trailer Sales Inc. (Manhattan), petitioner herein, is the owner of a two-acre tract of land in the Township of North Bergen. The litigation involves that part of the tract on which Manhattan operates a trailer court containing spaces for some 50 house trailers. The spaces are rented on a daily, weekly or monthly basis and have utility connections for sewer, water, electricity and telephone.
House trailers are fitted with wheels and are towed by another vehicle to which they are coupled or hitched. While traveling over public roads they are subject to motor vehicle laws and are required to display a trailer license.
When a trailer parks in an assigned space in petitioner's trailer court, it is stabilized with blocks or jacks. (None is on permanent foundations.) Then the utilities are connected. (Every trailer has plug-in and hook-up facilities for the utilities.) The overall operation takes about an hour. To *407 leave the trailer court the process is reversed in the same length of time.
In all cases the wheels remain on the trailers. However, the owners of trailers staying an appreciable length of time sometime put a cloth or metal curtain around the bottom of the trailer to add to its appearance by concealing the wheels and stabilizers and also provide a storage space.
With the exception of one or two of the trailers parked in the court by Manhattan in connection with its trailer sales operations, the remaining trailers are owned by their occupants.
Of the 47 trailers occupying the court at the time the appeal was heard, six or seven rented on a daily basis and were considered transients. Half of the remaining 40 trailers were there less than a year. The remaining trailers have been there for varying periods of time of more than a year, with one or two of them having stayed eight or nine years, and one 11 or 12 years. Except for the transients, most of the persons living in the trailer court are registered voters in the municipality.
The township contends that the present type of house trailer is so substantial in nature that when parked in a trailer camp, stabilized, and connected to the utilities, it can be said to be permanently affixed to the land. It is also contended that the length of time a given house trailer remains in a court evidences an "animus manendi" and is a material factor to be considered in resolving the question presented.
No one can quarrel with the proposition that house trailers should pay their fair share of the cost of the municipal services which they enjoy. The problem is in deciding how such share can best be determined and payment thereof enforced.
In New York by statute (Real Property Tax Law, Consol. Laws, c 50-a), trailers or mobile homes have been classified as real property in order to overcome earlier court decisions that they could not be taxed as real property. Pennsylvania *408 has attempted to solve the problem via a statutory amendment which provides for the taxing of house trailers permanently attached to the land. See Annotation, "Taxation, as real estate, of trailers or mobile homes", 86 A.L.R.2d 277 (1962). Some jurisdictions levy a personal property tax on house trailers.
It has been suggested that there are too many administrative difficulties involved in attempting to tax house trailers as real or personal property and that a sounder solution of the problem lies in imposing a license or franchise tax on trailer courts, or collecting an occupancy or parking fee from trailer occupants on a daily, weekly or monthly basis. For a general discussion of the subject see: "Towards An Equitable and Workable Program of Mobile Home Taxation", 71 Yale L.J. 702 (1962); see also, 48 Iowa L. Rev. 16, 50-57 (1962).
The present real estate tax statute in New Jersey contains the provision that "all real property shall be assessed * * *." N.J.S.A. 54:4-23.
Under the statute structures so integrated with the land as to constitute a part of the realty are taxable as such. Becker v. Little Ferry, 125 N.J.L. 141 (Sup. Ct. 1940), affirmed 126 N.J.L. 338 (E. & A. 1941). Therefore the question is whether the house trailers involved, under the facts and circumstances presented, are to be considered as permanent structures on the real property.
We are satisfied that the uncontroverted proofs, heretofore detailed, amply support the Division's finding that these trailers are not permanently affixed to the realty within the meaning of our real estate tax statute and may not be taxed as real property.
Affirmed.