CRABTREE, J.T.C.
This is a local property tax exemption case wherein plaintiff moves for summary judgment with respect to tax years 1984 and 1985. Plaintiff claims entitlement to exemption pursuant to N.J.S.A. 54:4-3.6 for 1984 and N.J.S.A. 54:4-3.52 for 1985. The court construes defendant’s response to the motion as a cross-motion for summary judgment which, if granted, will result in a dismissal of plaintiff’s complaint.
The undisputed facts are as follows.
Plaintiff, the owner of real property located at 176-184 Edison Place, Newark, New Jersey (Block 183, Lots 5 and 6), is a nonprofit eleemosynary organization which provides social services to residents of the Ironbound section of Newark. Plaintiff conducts its operations from the original church and rectory’ of the Second Dutch Reformed Church, which was erected in 1848. In 1983 renovations of the church building were undertaken and completed in order that an independent, unrelated business known as the International Palace Restaurant and Banquet Hall could lease a portion of the premises from plain *542 tiff. The restaurant occupied 35% of the church structure at 184 Edison Place and the annual rental income paid to plaintiff under the lease constituted 8% of plaintiff’s annual revenues. The purpose of the lease was to assist plaintiff in financing a program of ongoing renovation, restoration and capital improvements concerning the subject property. The rental income realized by plaintiff was exclusively devoted to that program. Plaintiff also makes use of the demised portion of the subject property for its directors’ meetings, its annual dinner and for senior citizens and youth functions throughout the year.
The International Palace is a commercial venture providing meals and banquet rooms to the general public for weddings, dances, baptisms and business meetings. It is not a nonprofit, charitable organization.
Defendant revoked plaintiff’s exemption for tax year 1984 and plaintiff appealed to the Essex County Board of Taxation, which sustained defendant’s action. Appeal to this court followed. No complaint was filed with this court with respect to tax year 1985.
Plaintiff’s exemption claim for 1984 is predicated on N.J.S.A. 54:4-3.6, which exempts from property taxation “all buildings actually and exclusively used in the work of associations and corporations organized exclusively for religious or charitable purposes----” Defendant argues that the operation of the restaurant on plaintiff’s premises precludes compliance with the requirement of exclusive use, thus vitiating the exemption claim. Defendant is correct.
It is well settled that qualification for property tax exemption under the quoted portion of N.J.S.A. 54:4-3.6 depends upon exclusive use of the property for charitable or religious purposes. Princeton University Press v. Princeton Boro., 35 N.J. 209, 172 A.2d 420 (1963); Christian Research Institute v. Dover, 5 N.J. Tax 376 (Tax Ct.1983). While plaintiff seems to acknowledge this principle, it argues that the exclusive application of the rental income from the restaurant to plaintiff’s *543 exempt purposes preserves the exemption and, in support of its position, cites Overlook Hospital Association v. Summit, 6 N.J. Tax 90 (Tax Ct.1983), aff’d o.b. per curiam 6 N.J. Tax 350 (App.Div.1984) and Boys Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 371 A.2d 22 (1977). Plaintiff misreads those cases.
In Overlook Hospital, the exempt organization, faced with inadequate parking facilities, constructed a parking garage on its property in close proximity to the main hospital building. The garage was managed by an independent contractor, viz., Summit Parking Corporation, a profit-making commercial enterprise, which was paid a monthly management fee. Profits from the operation of the garage were used for the operation of the hospital. The garage was used by a variety of persons having legitimate connections with the hospital, including employees, visitors, patients, volunteers and radiology students.
While this court concluded that the exclusive utilization of profit from the garage operation and the conduct of the hospital’s functions preserved the exemption, the court also determined that the garage was reasonably necessary to the operation of the hospital. The court also observed that the location of the parking garage made it unlikely that it would compete with garages serving the business district of the City of Summit.
More to the point as far as the instant case is concerned is City of Long Branch v. Monmouth Medical Center, 138 N.J. Super. 524, 351 A.2d 756 (App.Div.1976), aff’d o.b. per curiam 73 N.J. 179, 373 A.2d 651 (1977), a case in which the exempt organization rented portions of two buildings to physicians and a dentist for offices for the conduct of their professional practices. Other parts of the same buildings were used for exempt hospital functions. The court concluded that the buildings in question were not exclusively used for exempt purposes within the purview of N.J.S.A. 54:4-3.6 and denied the exemption with respect to those buildings, saying:
... The evidence demonstrates beyond any question that these buildings were not “actually and exclusively used” for hospital purposes. The Center rented portions of these buildings to physicians and one dentist for offices wherein *544 they conducted their private professional practices. The physicians and dentist treated their private patients in these offices and presumably derived pecuniary profit therefrom. The fact that the Center may have rented these offices at a rate less than the prevailing rate for comparable offices in the area and did not operate these buildings at a profit does not change the fundamental commercial nature of the use of these buildings. The utilization of these buildings for the private practice of medicine and dentistry is purely and simply a private profit-making activity and is in direct competition with the privately owned commercial rental buildings and goes far beyond the traditional functions and purposes of a hospital. Moreover, exemption from taxation for these buildings cannot be granted because it may be convenient for the Center to have staff physicians maintain their private offices in close proximity to the hospital, or because these physicians may perform some of their hospital duties in their private offices. Convenience is not the test; the test is reasonable necessity for hospital purposes, and the use of these buildings for private professional offices is not reasonably necessary for the Center’s hospital purposes____ [138 N.J. Super. at 535, 351 A.2d 756]
In the instant case, as in Monmouth Medical Center, there is no showing that the operation of the restaurant, a profit-making commercial enterprise, is reasonably necessary for the prosecution of plaintiff's exempt purposes. To be sure, the rent paid to plaintiff by the restaurant assists plaintiff in carrying out its capital improvement and renovation programs, but this assistance is analogous to the convenience to Monmouth Medical Center of the close proximity of staff physicians. Convenience is not enough.
In Boys Club, while the Supreme Court pointed out that exclusive use does not necessarily contemplate sole occupancy by the qualified exempt institution owning the property, it also stressed the importance of the use by whomever occupied the premises or a portion thereof. In this regard the Court said:
... But the statutory language and its intent are directed to the physical use of the property. Rental income may be a relevant fact in ascertaining who is using the property and whether that use is within a tax exempt category. The actual land and building use must be for one of the charitable, benevolent or religious purposes enumerated in the act. [72 N.J. at 399, 3Y1 A.2d 22]
Apropos of the identity of the occupant of the property, the Court went on to say: “... the statute preserves the exemption even though there may be occupancy by another charitable or religious organization which rents the premises ... However, occupancy by an organization other than a charitable or reli *545 gious one, ... would destroy the tax exempt status____” Id. at 399-400, 371 A.2d 22.
Accordingly, the occupancy of a portion of plaintiffs property by a profit-making commercial enterprise, namely, the International Palace Restaurant and Banquet Hall, precludes compliance with the exclusive use requirement of the statute, irrespective of the fact that rents derived from the commercial enterprise are devoted exclusively to plaintiffs exempt purposes. Qualification for exemption depends upon the use of the property, not the use of the funds. Christian Research Institute v. Dover, supra, 5 N.J.Tax at 386.
Plaintiffs exemption claim for 1985 will be denied. No complaint was filed with this court for that year; nor does it appear from the papers submitted by the parties concerning the motion that a petition was ever filed with the Essex County Board of Taxation for 1985. The Boys Club of Clifton, Inc. case is dispositive of this issue, with respect to which the Supreme Court said: “... The duty of the municipal assessor to obtain a statement from the owner concerning the exempt status of the property every three years, N.J.S.A. 54:4-4.4, does not excuse the owner from filing an appeal, even though a judgment of exemption had been entered for the prior year.” 72 N.J at 405, 371 A.2d 22.
The Court went on to overrule Catholic Charities of Diocese of Camden v. Pleasantville, 109 N.J.Super. 475, 263 A.2d 803 (App.Div.1970), which held that a failure to appeal for a given year would not deprive the property owner of an exemption granted as the result of an appeal in an earlier year. Recent affirmations of the Boys Club principle are found in New Jersey Turnpike Authority v. Monroe Tp., 2 N.J.Tax 371 (Tax Ct.1981) and Paramus Boro. v. Geo. Washington Memorial, Etc., 2 N.J.Tax 574 (Tax Ct.1981), in both of which cases this court declared that each annual assessment of property for tax purposes is a separate entity distinct from the assessment of prior or subsequent years, giving rise to a separate cause of action for each year and, thus, an exemption obtained by virtue *546 of a county board judgment or decision of this court for one year does not carry over to a subsequent year.
Accordingly, plaintiffs failure to file an appeal with the Essex County Board of Taxation for 1985 is fatal to its claim of exemption for that year on any ground.
Summary judgment will be entered in favor of defendant for 1984 with respect to Block 183, Lot 6, the separately assessed parcel upon which the restaurant is located. Plaintiffs complaint with respect to Block 183, Lot 5 is still alive for 1984 and the case with respect to that lot will be listed for trial in the ordinary course.