220 N.J. Super. 346 (1987)
532 A.2d 258
IRONBOUND EDUCATIONAL & CULTURAL CENTER, INC., PLAINTIFF-APPELLANT,
v.
CITY OF NEWARK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1987.
Decided October 9, 1987.
*348 Before Judges PETRELLA, BAIME and ASHBEY.[1]
Steven R. Irwin argued the cause for appellant (Kein, Pollatschek & Greenstein, and Mandelbaum & Mandelbaum co-counsel; Donald Kein of counsel and Steven R. Irwin on the brief).
Melvin Simon, Assistant Corporate Counsel, argued the cause for respondent (Glenn A. Grant, Corporate Counsel; Melvin Simon on the letter brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The issues involved in this appeal implicate interpretation of the statutory provisions for property tax exemptions due to *349 either nonprofit status of the property owner under N.J.S.A. 54:4-3.6 or the effect of a historic site designation under N.J.S.A. 54:4-3.52.
Ironbound Educational & Cultural Center, Inc. (Center) filed a local property tax appeal with the Essex County Board of Taxation (Board) regarding the 1984 valuation of its property at Edison Place in Newark. The Center asserted that it was a nonprofit corporation entitled to tax exemption and that it was also exempt as a site which was designated a historic site by the commissioner of the Department of Environmental Protection. The Board denied the appeal and entered judgment in the original assessment amount of $91,600. On an appeal to the Tax Court a partial judgment[2] was entered which denied the exemption for the 1984 tax year and entered the assessment as $75,000. After some procedural complications a complaint which challenged only the 1984 assessment was filed with the Tax Court. No complaint was filed in the Tax Court for the tax year 1985. Relief was denied in a reported opinion by Judge Crabtree. Ironbound Educ. & Cultural Center, Inc. v. Newark, 8 N.J. Tax 540, 542 (Tax Ct. 1986).
The essential facts are recited in the Tax Court opinion (8 N.J. Tax at 541-542). The Center was formed as a nonprofit organization to provide social and community service programs and renovation assistance in the Ironbound section in Newark. The property owned and utilized by the Center was originally a Dutch Reformed Church and Rectory which had been erected in 1848. The Center was incorporated on August 7, 1975 and received tax exempt status from the Internal Revenue Service on October 14, 1976. The building housing the Center was listed in the National Historic Register on March 12, 1979.
*350 On March 20, 1984 the Commissioner of the Department of Environmental Protection[3] issued a certificate to the effect that the premises was declared a State historic site. The Commissioner also certified that the historic site was entitled to a tax exemption under L. 1962, c. 92 (N.J.S.A. 54:4-3.52, et seq.)[4] This certificate recited that the facility, as a historic site, would be "freely available to all people without discrimination as to race, creed, color or religion subject to reasonable terms and conditions, such as a nominal fee, which will insure the preservation and maintenance of the site."
The building was renovated in 1983 and approximately 35% of the premises was leased to an independent restaurant and catering business which established the International Palace Restaurant and Banquet Hall. The Center receives approximately 8% of its total revenue from rental income from this restaurant business. The Center also holds board meetings, an annual dinner and other functions in the restaurant area of the building.
We agree entirely with Judge Crabtree's well-reasoned analysis and conclusion that the property is not entitled to exemption under N.J.S.A. 54:4-3.6. That statute clearly contemplates that associations and corporations organized exclusively for religious and charitable purposes are exempt only when "actually and exclusively used in the work" of the associations and corporations. See Boys' Club of Clifton, Inc. v. Twp. of Jefferson, 72 N.J. 389, 399 (1977); Princeton University Press v. Princeton Borough, 35 N.J. 209, 216-217 (1961). Under City of Long Branch v. Monmouth Medical Center, 138 N.J. Super. 524 (App.Div. 1976), aff'd o.b. 73 N.J. 179 (1977), property is actually and exclusively used in the work of an association or corporation if the property is reasonably necessary *351 for one of the purposes enumerated in N.J.S.A. 54:4-3.6. 138 N.J. Super. at 532. The Tax Court judge emphasized that the restaurant operates as a commercial venture, and not as a nonprofit, charitable organization. Ironbound Educ. & Cultural Center, Inc. v. Newark, supra, 8 N.J. Tax at 542. By virtue of this operation, the Center is no longer using its building exclusively for religious and charitable purposes. The Center is thereby precluded from claiming an exemption pursuant to N.J.S.A. 54:4-3.6.
We turn now to the Center's argument that under L. 1984, c. 176 (N.J.S.A. 54:4-1.10, effective November 2, 1984) it is entitled to at least partial exemption of the subject premises. That statute provides:
When real property which is exempt from taxation is used by a private party in connection with an activity conducted for profit, and the use does not render the real property taxable pursuant to section 1 of P.L. 1949, c. 177 (C. 54:4-2.3) or otherwise, the real property shall be assessed and taxed as real property of the private party. The private party is subject to liability for taxation to the same extent as though he owned the property or any portion thereof, unless the owner consents to the taxation thereof. For purposes of this act, "use" means the right or license, express or implied, to possess and enjoy the benefits of any real property, whether or not that right or license is actually exercised. [Emphasis supplied.]
While this statute was inapplicable on the October 1, 1983 assessment date because it had not yet been enacted,[5] the Center's argument can be considered in light of N.J.S.A. 54:4-2.3.[6]
Pursuant to N.J.S.A. 54:4-2.3:

*352 When real estate exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his assignee and assessed as real estate. [Emphasis supplied.]
Merely because an association leases out a portion of its property, does not necessarily mean that it is no longer exclusively used for one of the purposes enumerated in N.J.S.A. 54:4-3.6. See City of Long Branch v. Monmouth Medical Center, supra, 138 N.J. Super. at 532-533. If the property being leased is not used for a purpose enumerated in the act, then the corporation or association loses its tax exempt status. However, if the property leased is used for one of the purposes in the act, then the lessor-corporation is entitled to maintain its exemption and the lessee shoulders the tax burden.
In City of Long Branch, supra, the court considered the exemption in N.J.S.A. 54:4-3.6 as it applied to property actually and exclusively used for hospital purposes after the hospital had entered into two leasing agreements. A lease of premises for hospital staff as housing facilities was considered reasonably necessary for hospital purposes. (138 N.J. Super. at 533). However, premises rented to doctors and a dentist for private practice went "far beyond the traditional functions and purposes of a hospital." 138 N.J. Super. at 535. The result was the latter facility was considered not reasonably necessary for hospital purposes and its tax exempt status was lost. We concluded that the Division of Tax Appeals had erred in granting a partial exemption since the building must "actually and exclusively be used" for exempt purposes. 138 N.J. Super. at 538.
*353 Similarly, the Center's claim for partial exemption must fail. No traditional charitable or religious purpose is served by the operation of the restaurant facility in the Center's building. Since the restaurant facility was not reasonably necessary for a charitable or religious purpose, the Center cannot claim either an actual or partial tax exemption.
The Center also relies on the recent case of New Jersey State League of Municipalities v. Kimmelman, 105 N.J. 422, 424 (1987), where the need for uniformity in the taxation of real property was acknowledged. Plaintiff then argues that Walter Reade, Inc. v. Dennis Tp., 36 N.J. 435 (1962), should be considered dispositive. The Center fails to recognize that the restaurant activity is not one necessary to the Center's charitable purposes. Thus, the property loses its tax exemption because the premises are no longer exclusively used for charitable purposes. In Walter Reade the Highway Authority, which constructed and operates the Garden State Parkway with service areas containing restaurants, as well as the operator of the restaurants were assessed for local property taxes. On its appeal the Authority was held exempt under N.J.S.A. 27:12B-16 from local property taxes on any project or property used to "benefit ... the people of the State for the increase of their commerce and prosperity and for the improvement of their health and living conditions." N.J.S.A. 27:12B-16. The Authority was held entitled to the exemption because the restaurants were clearly within its purposes as contemplated in the act creating the Highway Authority, and remained so notwithstanding a lease to a private operator. Walter Reade, Inc. v. Dennis Tp., supra (36 N.J. at 439). This result is consistent with the reasonable necessity test in City of Long Branch v. Monmouth Medical Center, supra, 138 N.J. Super. at 524. By comparison, the Center's restaurant does not reasonably relate to the Center's purposes.
We add the following comments with respect to the Center's claimed property tax exemption under the statute allowing *354 exemptions for historic sites N.J.S.A. 54:4-3.52. The only issues properly before us are those relating to the assessment for the 1984 tax year since it was the only year for which an appeal was taken to the County Tax Board and the Tax Court. Property is assessed on October 1 of the preceding year, N.J.S.A. 54:4-23, with the status fixed as of the assessing date. Shelton College v. Ringwood, 48 N.J. Super. 10, 11 (App.Div. 1957). Exemptions are determined on October 1, unless the Legislature otherwise provides. See East Orange v. Palmer, 47 N.J. 307, 320-321 (1966).
The premises which are the subject of this appeal did not receive its historic site designation until March 20, 1984, which was too late for the 1984 tax year assessment. See Shelton College v. Ringwood, supra, 48 N.J. Super. at 11; Atlantic County New School, Inc. v. Pleasantville, 2 N.J. Tax 192, 196 (Tax Ct. 1981).
We reject plaintiff's argument before us that the parties contemplated that the historic site designation would apply to the 1984 tax year. We note that this is inconsistent with the position the Center took in its summary judgment brief in the Tax Court where it contended that the Center "was exempt from taxation for the year 1985 and thereafter." Since there was no historic site designation effective for the 1984 tax year, the Tax Court properly dismissed the appeal. We need not deal with the Center's claims for exemption under the historic site designation or otherwise because that tax year is not properly before us. Ironbound Educ. & Cultural Center, Inc. v. Newark, supra, 8 N.J. Tax 546. We merely note the existence of N.J.S.A. 54:4-3.6c which provides a limited avenue for seeking a refund.
Affirmed.
NOTES
[1] Judge Ashbey was not present at oral argument. The attorneys have consented to her participation in this appeal.
[2] It appears that the discrepancy between the Tax Court judgment and the Board assessment is due to the fact that the Tax Court judgment is a partial judgment which dealt solely with Block 183, Lot 6. The Board had also included Lot 5 of Block 183. See 8 N.J. Tax at 546.
[3] Formerly the Commissioner of Conservation and Economic Development. See N.J.S.A. 13:1D-1 and 2.
[4] There was a subsequent amendment by L. 1964, c. 61.
[5] We add additional comment because we recognize a certain amount of ambiguity in § 3 of L. 1984, c. 176, which provides: "This act shall take effect immediately and shall be applicable with regard to assessments and taxes for the year 1984 and thereafter."
[6] The Legislative intent in enacting N.J.S.A. 54:4-1.10 appears to have been to broaden the reach of N.J.S.A. 54:4-2.3 to include nonleased property. Mention of this problem is alluded to in Walter Reade, Inc. v. Dennis Tp., 36 N.J. 435, 440 (1962). See Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation, 41 N.J. 405 (1964), where an assessment imposed on the federal government was set aside. The government had allowed a contractor to use its equipment and buildings in fulfilling government contracts under an agreement which was not couched in terms of a "lease" or "rental," but rather in terms of use and permission to use. The court held that the Legislature deliberately chose lease and leasehold estates in drafting N.J.S.A. 54:4-2.3, thereby limiting taxability to such estates. 41 N.J. at 414. Cf. Todd Shipyards Corp. v. Weehawken, 45 N.J. 336, 341 (1965) (wherein the court discusses the legislative intent in enacting N.J.S.A. 54:4-2.3).