**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2287-23

THE MOORISH SCIENCE
TEMPLE OF AMERICA,
NEW JERSEY,

      Plaintiff-Appellant,

v.

MOORISH SCIENCE TEMPLE
OF AMERICA, INC., and
JAMES A. FLORENCE-EL,

      Defendants-Respondents,

and

TENNYSON LEWIS-EL,

      Defendant.

_____

        Argued October 30, 2024 – Decided February 10, 2025

        Before Judges Mayer and Puglisi.

        On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. C-000004-23.

Charles J. Kleiner argued the cause for appellant (Law Office of Shanna L. Cushnie, attorneys; Shanna L. Cushnie, on the briefs).

Jay B. Feldman argued the cause for respondents (Leighton Feldman, LLC, attorneys; Jay B. Feldman, of counsel and on the brief).

PER CURIAM

Plaintiff The Moorish Science Temple of America, New Jersey appeals from the March 4, 2024 Chancery Division order denying its motion for summary judgment and granting the cross-motion for summary judgment in favor of defendants Moorish Science Temple of America, Inc. and James A. Florence-El (defendants). We affirm in part and reverse in part.

In September 2021, plaintiff filed a three-count complaint in the Law Division concerning real property located in Trenton. Count one claimed plaintiff was the rightful owner of the property and sought to quiet title. Count two alleged defendants interfered with plaintiff's use of the property and sought injunctive relief. Count three alleged defendants tortiously interfered with plaintiff's right to sell the property and sought economic damages.

In November 2022, plaintiff filed its first motion for summary judgment, which defendants did not oppose. The case was transferred to the Chancery Division and the motion was granted.

2

On defendants' application, the court vacated the judgment, entered preliminary restraints against plaintiff, and permitted defendants to answer the complaint.[1] Defendants' answer and two-count counterclaim alleged Moorish Science Temple of America, Inc. was the rightful owner of the property and sought to quiet title and declaratory judgment.

Plaintiff again moved for summary judgment. Defendants cross-moved for summary judgment, to which plaintiff did not file opposition. The trial court denied plaintiff's motion because it failed to comport with Rule 4:46-2(a) by neglecting to attach a separate statement of material facts with numbered paragraphs. In the absence of opposition, the court deemed admitted defendants' statement of material facts and granted defendants' cross-motion. The court declared Moorish Science Temple of America, Inc. the rightful owner of the property, voided a deed to the property filed by plaintiff, and entered permanent restraints against plaintiff related to its ownership and possession of the property. In doing so, the court did not make findings of fact or conclusions of law, or provide any additional reasons in support of its decision.

---

[1] Defendant Tennyson Lewis-El was not included as a moving party in defendants' application.

On appeal, plaintiff argues the trial court erred in denying its motion based on technical non-compliance with Rule 4:46-2 and in granting defendants' cross-motion as unopposed. Although we discern no error in the court's rejection of plaintiff's non-conforming motion, we agree summary judgment was improvidently granted to defendants.

We review de novo a trial court's ruling on a motion for summary judgment, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). We must decide whether "there is [a] genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party[.]" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[ ] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios

4

v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). "If there is no genuine issue of material fact, the court must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

On de novo review, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

As to plaintiff's first point, a motion for summary judgment requires a statement of material facts filed separately from an attached brief and must contain "separately numbered paragraphs" with concise statements of the facts accompanied by citations to the record. R. 4:46-2(a). Nonconformance with

5

this rule permits, but does not require, the court to dismiss the motion for summary judgment. Ibid.

"Summary judgment requirements . . . are not optional. Indeed, some courts have chosen to sanction counsel for disobeying [Rule 4:46-2]." Lyons v. Twp. of Wayne, 185 N.J. 426, 435 (2005). Rule 4:46-2 is designed to "focus[] the parties' and court's 'attention on the areas of actual dispute.'" Lyons, 185 N.J. at 436 (quoting Claypotch v. Heller, Inc., 360 N.J. Super. 472, 488 (App. Div. 2003)).

Plaintiff's statement of material facts lacked numbered paragraphs and did not contain any citations to the record. Because we discern no abuse of discretion, we affirm the trial court's denial of plaintiff's motion based on these deficiencies.

As to plaintiff's second point, the summary judgment rules provide that where the non-movant does not make the requisite response with supporting affidavits or certifications, the court can grant summary judgment to the movant "if appropriate." R. 4:46-5(a). Thus, that a movant's statement of material facts is not disputed does not necessarily mean that the movant's motion for summary judgment should be granted. See, e.g., Black United Fund of N.J., Inc. v. City of E. Orange (Essex Cnty.), 17 N.J. Tax 446, 448 (Tax 1998) (holding "an

unopposed motion will not be granted unless the court is satisfied that the legal standards for granting the motion have been met"), aff'd, 339 N.J. Super. 462 (App. Div. 2001). Rather, deciding a motion for summary judgment, the "[c]ourt must review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citation omitted).

Additionally, even if a motion is deemed uncontested, the court must make findings of fact and conclusions of law tied to those facts to determine whether the movant is entitled summary judgment. See R. 1:7-4(a); R. 4:46-2(c). The court's responsibility includes an obligation to decide all critical issues. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4(a) (2025). Thus, although Rule 4:46-2(b) deems as admitted sufficiently supported material facts that are not "specifically disputed" by the non-movant, Rule 1:7-4(a) requires the "motion judge [to] correlate those facts to legal conclusions. The court rules do not provide any exception from this obligation where the motion is unopposed." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299-300 (App. Div. 2009) (citing R. 1:7-4(a); R. 4:46-2(c)).

A-2287-23

While we discern no error in the trial court's adoption of defendants' unopposed statement of facts, because the court's decision on the merits did not address the second prong of summary judgment—whether the movant is entitled to summary judgment as a matter of law—we are constrained to reverse the order granting defendants' cross-motion. On remand, the court shall allow the parties to file renewed applications as may be appropriate. We take no position on the outcome of such applications.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2287-23