PER CURIAM.
Hartwyck West Nursing Home is a nonprofit membership corporation which owns and operates a nursing and convalescent home in Cedar Grove, New Jersey. Intercare Health Systems, Inc. is its parent corporation. Other subsidiaries of Intercare operate nursing homes and a hospital. Claiming that the premises of the nursing and convalescent home were used “exclusively for hospital purposes,” Hartwyck and Intercare filed suit in the Tax Court to obtain an exemption from real property taxes pursuant to N.J.S.A. 54:4-3.6. A judgment was entered denying the exemption, and they have appealed to this court.
Insofar as pertinent, N.J.S.A. 54:4-3.6 states:
The following property shall be exempt from taxation under this chapter: [A]ll buildings actually used in the work of associations and corporations organized exclusively for hospital purposes____ The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed____
Hartwyck and Intercare contend that their nursing and convalescent home is entitled to the tax exemption because it is operated for the benefit of local hospitals, enabling those hospitals to relocate patients who no longer need acute nursing care. The Tax Court, Judge John J. Hopkins, J.T.C., rejected this contention in a comprehensive, written opinion in which it held, among other things, that for property to be entitled to a tax exemption for hospital purposes, the operation of the property owner must be “sufficiently integrated with a hospital so that its building’s use was an integral part of operating a functioning hospital.” See Intercare Health Sys. Inc. v. Cedar Grove Tp., 11 N.J.Tax 423, 431 (Tax 1990). The undisputed facts of *275 this case establish that Hartwyck and Intercare failed to meet that prerequisite for a tax exemption. The building for which they sought a tax exemption is not an integral part of a functioning hospital.
Furthermore, according to Hartwyck’s certificate of incorporation, it was incorporated “to create a private corporation to construct or to acquire a housing project or projects, nursing home or homes, and to operate the same.” Its stated corporate purposes do not include operating a hospital. Therefore, Hartwyck fails to satisfy the statutory requirement that the corporation claiming the exemption must have been incorporated for hospital purposes.
The judgment of the tax court is affirmed substantially for the reasons stated in Judge Hopkins’s opinion.