SMALL, J.T.C.
Plaintiff, Black United Fund of New Jersey, Inc., owns block 710, Lot 16, located at 132 South Harrison Street, in East Orange, New Jersey. For tax year 1996, the property was assessed as follows:
Land $23,000
Improvements 64,500
Total $87,500
Plaintiff filed an appeal with the Essex County Board of Taxation, seeking an exemption from taxation. The county board affirmed the assessment. This appeal followed.
There are no facts in dispute, and plaintiff moves for summary judgment under R. 4:46 and Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995). The City of East Orange makes no submission in opposition to plaintiffs motion and does not oppose the motion.
A judgment based on agreement of the parties (settlement) may require proof by the Tax Court, and may be rejected. R. 8:9-5. Rosenberg v. South Orange Tp., 8 N.J. Tax 1 (Tax), aff'd, 8 N.J. Tax 7 (App.Div.1983). See also Clinton Tp. Citizen’s Comm, v. Clinton Tp., 185 N.J.Super. 343, 448 A.2d 526 (Law Div.1982). Similarly, an unopposed motion will not be granted unless the court is satisfied that the legal standards for granting the motion have been met.
Just as litigants cannot agree to confer jurisdiction on a court which lacks the statutory authority to hear a matter, see, e.g., Peper v. Princeton University, 77 N.J. 55, 65-66, 389 A.2d 465 (1978); Township of Jackson v. Marsyll of B.B., 3 N.J. *449 Tax 386, 391 (Tax Ct.1981); Manczak v. Township of Dover, 2 N.J. Tax 529, 533 (Tax Ct.1981), they cannot agree to have the court grant relief for which there is no authority.
[Van Winkle v. Rutherford Bor., 12 N.J. Tax 290, 291 (Tax 1992).]
Plaintiff seeks exemption from taxation under three provisions of New Jersey Law: N.J.S.A. 54:4-3.52 (Historic Site Exemption), N.J.S.A 54:4-3.64 (Green Acres Exemption) and N.J.S.A. 54:4-3.6 (Charitable Purpose or Moral and Mental Improvement of Men, Women and Children).
I find that plaintiff did not satisfy all the requirements of either the Historic Site Exemption or the Green Acres Exemption on or before October 1, 1995 (the assessing date for the 1996 tax year). Thus, plaintiff is not entitled to exemption under either of those statutes for 1996. With respect to qualification for exemption under N.J.S.A 54:4-3.6, the question for the court is whether plaintiff meets the standards set forth in the statute. Plaintiff is a nonprofit corporation organized under § 501(c)(3) of the Internal Revenue Code of 1954 to operate exclusively for charitable, religious, or educational purposes. However, that qualification alone is not sufficient to meet the standards of the New Jersey statute. “Federal income tax exemption standards have no relation to state law governing property tax exemption.” Paper Mill Playhouse v. Millburn Tp., 95 N.J. 503, 529 n. 2, 472 A.2d 517 (1984) (Clifford and Schreiber, JJ., dissenting) (citation omitted).
My inquiry begins with a description of the plaintiff and the property for which it seeks a tax exemption.
Plaintiff is organized as a nonprofit corporation under Title 15 of the New Jersey Statutes. The certificate of incorporation, as amended and filed with the Secretary of State in July 1981 provides that the purpose of the organization is as follows:
It is the intention and purpose of this corporation to receive and maintain a fund or funds of real or personal property or both, and subject to the restrictions and limitations of the income therefrom and the principal thereof exclusively for the development of resources and leadership within the State minority Community, through programs whose objectives are focused in such areas as community, economic development, job taining [sic] and job community sponsorship of health, cultural, recreational, literary or educational purposes either directly or by contributions to Section 501(c)(3) of the Internal Revenue Code of 1954.
*450 The bylaws of the organization, approved in November 1994, provide that the purposes of the Black United Fund are as follows:
1. The purpose of the Corporation shall be to raise, receive and maintain a fund or funds of real property and personal property, or both, and to distribute and administer the fund or funds, including any income or interest generated therefrom exclusively for charitable, religious or education purposes ■within the meaning of section 501(c)(3) of the Internal Revenue Code.
2. To operated [sic] exclusively for charitable, religious and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1954, where appropriate, or its related provisions.
3. To promote the interests, welfare, educational and social development of the African American community in New Jersey by actively supporting welfare, educational and social programs that service and address the needs of that community for the health, cultural, religious, recreational, literary or educational benefit of the African American community within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1954, where appropriate, or its related provisions.
Plaintiff acquired the subject property on or about May 4,1995. The property, then known as the Knapp’s Colonial Home (Ambrose/Ward Mansion), is the sole survivor of a row of mansions that once lined South Harrison Street in East Orange. The property has been registered as an historic landmark with the United States Department of the Interior since February 1980, and with the New Jersey Department of Environmental Protection (DEP) since May 1996. Plaintiff was awarded a grant from DEP through the Green Acres Program in May 1996 to complete its acquisition of the property, subject to the program’s restrictions.
According to the certification of Lloyd J. Oxford, president and chief executive officer of the Black United Fund, the subject property (first floor) is used primarily for meetings of Fund leaders in furtherance of the organization’s goals. The second and third floors are used as the Fund’s headquarters and include its administrative offices. Consistent with the requirements of the Green Acres Program, the first floor of the building is open for public affairs, and the Fund intends to use that area to consolidate its statewide Black History activities (primarily in February of each year). Occasionally, the first floor is rented out for other organizations’ meetings and is available for weddings and other *451 private receptions. The funds from these events are applied to the organization’s stated purposes.
I.

Histone Site Exemption

N.J.S.A. 54:4-3.52, known as the Historic Site Exemption, provides:
Any building and its pertinent contents and the land whereon it is erected and which may be necessary for the fair enjoyment thereof owned by a nonprofit corporation and which has been certified to be an historic site to the Director of the Division of Taxation by the Commissioner of Conservation and Economic Development as hereinafter provided shall be exempt from taxation.
The certification process by the Commissioner of Conservation and Economic Development is detailed in N.J.S.A. 54:4-3.53.
In Town of Morristown v. Woman’s Club of Morristown, 124 N.J. 605, 592 A.2d 216 (1991), the Supreme Court addressed the historic site exemption statute. The court found that the statute contained only two requirements for exemption: (1) ownership by a nonprofit corporation, and (2) certification of the property as an historic site. Id. at 610, 592 A.2d 216. Unlike other exemption statutes that require actual and exclusive use, the historic site exemption statute has no use requirement. In holding that the exemption statute was constitutional, the court concluded that:
[T]he classification based on the characteristics of the property and the status of the owner is necessary to fulfill the public purpose of preserving historic sites. The distinction between a for-profit corporation and a nonprofit organization that needs rental income to preserve its property is rational and reasonable. The exemption statute exists exclusively to secure the preservation and maintenance of historic sites. Its sole beneficiary is the public, the citizens of New Jersey, who receive the benefits of viewing the architectural beauty of the historic buildings and better understanding of our heritage.
[Id. at 620, 592 A.2d 216.]
Plaintiff has provided this court with evidence that it is entitled to an historic site exemption under N.J.S.A. 54:4-3.52. The certificate of incorporation indicates that the Black United Fund was organized as a nonprofit corporation under Title 15 of the New Jersey Statutes in or about August 1980. A Deed of Historic Preservation Restriction was recorded on May 29, 1996 *452 by the DEP. This latter document, however, is not sufficient to establish entitlement to the exemption for the 1996 tax year. See Ironbound Educ. & Cultural Ctr., Inc. v. City of Newark, 220 N.J.Super. 346, 354, 532 A.2d 258 (App.Div.1987), certif. denied 110 N.J. 200, 540 A.2d 192 (1988) (rejecting historie site exemption for 1984 tax year where designation was granted in March 1984, several months after the October 1, 1983 assessment date). No documents provided to the court demonstrate that the State of New Jersey Commissioner of Conservation and Economic Development designated the subject property as an historic site prior to October 1, 1995 (and even the Deed of Historic Preservation Restriction document does not affirmatively grant such designation by the Commissioner). Plaintiff points to several documents purporting to provide such designation since the early 1980’s, including the National Register of Historic Places Inventory— Nomination Form and the State Historic Preservation Officer Certification. But both of these documents were issued pursuant to federal law and the national register of historic sites. Neither document refers to New Jersey’s historic site designation statute, and thus, neither can be used to support plaintiff’s claim for exemption under N.J.S.A 54:4-3.52. In fact, the Commissioner of the DEP did not issue the certificate that the subject was an historic site until July 8,1997.
Because plaintiff’s historic site designation under the New Jersey Statutes could not have been granted prior to the recording of the Deed of Historic Preservation Restriction on May 29,1996, the property could not qualify for the exemption pursuant to N.J.S.A 54:4-3.52 for the 1996 tax year. Exemptions are determined by the taxable status of the property on October 1 of the pretax year (in this case, October 1, 1995). N.J.SA 54:4-23. Ironbound, supra, 220 N.J.Super. at 353-54, 532 A.2d 258. On October 1, 1995, the subject property had not yet qualified for the New Jersey historic site exemption. On that date, the Deed of Historic Preservation Restriction had not been recorded, and the certification of the Commissioner of the DEP had not been issued.
*453 II.

Green Acres Exemption

N.J.S.A. 54:4-3.64 describes the requirements for the Green Acres Exemption:
All lands and the improvements thereon actually and exclusively used for conservation or recreation purposes, owned and maintained or operated for the benefit of the public by a nonprofit corporation or organization organized under the laws of this or any State of the United States authorized to carry out the purposes on account of which the exemption is claimed and which is qualified for exemption from Federal Income Tax under Section 501(c)(8) of the Internal Revenue Code shall be exempt from taxation; provided, however, that the Commissioner of the Department of Environmental Protection certifies that the real property and the property owner are qualified under the terms of this act.
The requirements for certification are provided in N.J.S.A. 54:4-3.66, which states:
The Commissioner of the Department of Environmental Protection may certify that the real property is maintained or operated for the benefit of the public only if he finds, after a public hearing on the application has been held, that the real property for which an application for tax exemption is made is open to all on an equal basis and that a tax exemption for such property would be in the public interest. Restrictions on the use of such real property by the public may be permitted if the commissioner finds that they are necessary for proper maintenance and improvement of the property or that significant natural features of the land may be adversely affected by unrestricted access. The commissioner may authorize that reasonable charges may be made for entrance onto or use of such real property.
Case law makes clear that the DEP does not have the authority to grant the Green Acres Exemption, but may only certify that the property is being used for the public benefit for conservancy and recreation. West Milford Tp. v. Garfield Recreation Comm., Inc., 194 N.J.Super. 148, 155-56, 476 A.2d 333 (Law Div.1983). Defendant has not claimed that plaintiff does not meet any of the requirements of the exemption statute. Plaintiff is a Title 15 nonprofit corporation which is also exempt under § 501(c)(3) of the Internal Revenue Code, and on its face, the documentation provided by plaintiff indicates that at least one floor of the subject property is used for the conservation of the property and for recreational use (weddings, recitals, etc.). There is also no claim that the DEP did not hold public hearings that *454 afforded other taxpayers the opportunity to challenge the exemption.
Like the Historic Site Exemption, the Green Acres Exemption cannot be granted for tax year 1996, because its approval did not occur until sometime in 1996 (the June 3, 1997 letter from Kevin Richardson of the Green Acres Program at DEP submitted by plaintiff indicates that no activities in connection with this Green Acres funding and approval took place before May 1996). This is well after the October 1,1995 assessment date for the 1996 tax year, and there is no language in the statute permitting such exemption to be retroactive. Thus, even though the property owner may qualify for the exemption on the face of the statute, the application and its approval by the DEP was too late to apply to the 1996 tax year.
III.

Charitable Purposes Exemption/Moral and Mental Improvement Exemption

N.J.S.A. 54:4-3.6 provides in pertinent part:
The following property shall be exempt from taxation under this chapter: ... all buildings actually used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children;
... all buildings ... actually and exclusively used in the work of associations and corporations organized exclusively for ... charitable purposes; ... the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent;
... provided, in case of all the foregoing, the buildings, or the lands on which' they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted for profit____ The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed____
The Supreme Court has summarized N.J.S.A. 54:4-3.6 as requiring the entity seeking the exemption to meet three criteria: (1) it must be organized exclusively for an exempt purpose; (2) it must be actually and exclusively used for the tax exempt purpose; and (3) its operation and use of the property must not be conducted for *455 profit. Paper Mill Playhouse v. Millburn Tp., supra, 95 N.J. at 506, 472 A.2d 517.
When determining whether an entity is organized exclusively for an exempt purpose, the courts look only to the entity’s organizational documents. See Planned Parenthood of Bergen County, Inc. v. Hackensack City, 12 N.J. Tax 598, 610 n. 6 (Tax 1992), aff'd, 14 N.J. Tax 171 (App.Div.1993) (holding “that the term ‘organized’ in the statute refers to the entity’s organizational documents, its corporate charter.”). See also Intercare Health Systems, Inc. v. Cedar Grove Tp., 12 N.J. Tax 273, 275 (App.Div.1991), certif. denied 127 N.J. 558, 606 A.2d 369 (1992). Black United Fund is not organized exclusively for purposes exempt from taxation by virtue of N.J.S.A 54:4-3.6. Its certificate of incorporation provides that its purpose is to create a fund or funds which are to be distributed (through grants or otherwise) to other federally tax-exempt organizations which support the African American community. The organization’s bylaws provide for the same purposes, in addition to operating exclusively for charitable, religious, and educational purposes within the meaning of § 501(c)(3) of the Internal Revenue Code.
These purposes, while commendable, are not identified as exempt purposes in N.J.S.A. 54:4-3.6. Distributing funds to other organizations, even those that might provide federally tax-exempt services, is not an exempt purpose described in N.J.S.A 54:4-3.6. See 1711 Third Ave., Inc. v. City ofAsbury Park, 16 N.J. Tax 174, 182 (Tax 1996) (concluding that “making distributions to an entity exempt from federal income tax is not one of the enumerated exempt purposes in N.J.S.A. 54:4-3.6.”). The authorities cited by plaintiff only support its entitlement to a § 501(c)(3) exemption, but as it admits, such an exemption does not mean that the entity is entitled to an exemption under New Jersey law. See City of Trenton v. State, 65 N.J.Super. 1, 11, 166 A.2d 777 (App.Div.1960) (stating that federal tax-exempt status is not binding on New Jersey courts, but may lend confirmation to the reasonableness of the Division of Tax Appeals’ decision to grant an exemption to college). Plaintiffs charitable, religious, and educational purposes *456 provision (in the second and third paragraphs of the bylaws) is again limited by § 501(c)(3) of the Internal Revenue Code and makes no reference to New Jersey statutes. There is no indication in any organizational document of plaintiff’s intent to be organized for the exempt purposes limited by the requirements of N.J.S.A 54:4-3.6.
This failure to meet the organizational requirements for an exemption under N.J.S.A. 54:4-3.6 precludes the need for a detailed discussion of the exclusive use and nonprofit requirements. There is no doubt that the subject property was being used actively during 1996 to raise moneys and distribute such funds to important and worthwhile organizations, but as indicated above, such activities do not form the basis for an exemption under N.J.S.A 54:4r-3.6. In short, I find that plaintiffs organizational documents permit it to engage in activity beyond those limited activities entitled to tax exemption pursuant to N.J.S.A 54:4-3.6, and accordingly, I find that it is not entitled to an exemption from taxation for 1996 under that statute. There is inadequate proof to conclude that, even if permitted by its organizational documents to engage in nonexempt activities, plaintiff actually limited its activities to exempt activities. It is worth noting that the nonprofit requirement is satisfied by plaintiffs submission.
The Black United Fund was organized in 1980. At that time, its corporate documents entitled it to exemption from federal taxation and New Jersey sales tax as evidenced by an Exempt Organization Permit issued by the New Jersey Division of Taxation on March 5,1982. It does not appear that the Black United Fund owned real property until 1995. Although its corporate documents might have been drawn to meet the standards of N.J.S.A 54:4-3.6, there was no need for that in 1980. The documents might have been amended at the time the property was acquired in 1995, but they were not. The law must be applied to the facts as they exist, not as they might exist or as the taxpayer intended them to exist. General Trading Co., Inc. v. Director, Division of Taxation, 83 N.J. 122, 136-138, 416 A.2d 37 (1980).
*457 The subject property was not exempt from local property tax for the year 1996 under any of the three statutes cited as authority for such exemption. Plaintiffs motion for summary judgment is denied.