772 A.2d 65

BLACK UNITED FUND OF NEW JERSEY, INC.,
PLAINTIFF–APPELLANT, v. CITY OF EAST
ORANGE, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 9, 2001—Decided May 9, 2001.

Before Judges PETRELLA, BRAITHWAITE and WELLS.

*Robert T. Pickett* argued the cause for appellant (*Robert T. Pickett*, attorney; *Mr. Pickett* and *Charles D. Craig*, on the brief).

*John F. Casey* argued the cause for respondent (*Wolff & Samson*, attorneys; *Mr. Casey*, on the brief).

PER CURIAM.

Plaintiff, the Black United Fund of New Jersey, Inc. (BUF), appeals the entry of summary judgment in the Tax Court dismissing its claim for a tax exemption pursuant to *N.J.S.A.* 54:4-3.6 for the 1996 tax year for certain real property in the City of East Orange.

On appeal, BUF contends that the court erred in considering only the organizational documents of BUF to determine whether it is organized exclusively for an exempt purpose under the statute.

Moreover, it maintains that, even if the Tax Court acted properly in considering only the organizational documents, those documents nevertheless establish that BUF is organized exclusively for exempt purposes under *N.J.S.A.* 54:4–3.6.

Plaintiff owns real property at 132 South Harrison Street, block 710, Lot 16, in East Orange. Prior to October 1, 1995, BUF filed an application with the tax assessor for a property tax exemption under *N.J.S.A.* 54:4–3.6 (Charitable Purpose or Moral and Mental Improvement of Men, Women and Children exemption), *N.J.S.A.* 54:4–3.52 (Historic Site exemption) and *N.J.S.A.* 54:4–3.64 (Green Acres exemption). According to BUF, East Orange failed to act on its application in a timely manner and as a result, it appealed to the Essex County Board of Taxation.

On May 20, 1996, the Board of Taxation held a hearing on the matter at which BUF presented testimony by its President and CEO regarding various aspects of the organization and its use of the property. East Orange presented no evidence in opposition nor did it dispute the testimony presented by BUF. The Board concluded that BUF was not entitled to an exemption and upheld East Orange's 1996 tax assessment for the property.

BUF appealed the Board's ruling to the Tax Court and moved for summary judgment seeking exemption from taxation under the same provisions as before the Board. *Black United Fund v. East Orange,* 17 *N.J.Tax* 446, 449 (Tax 1998). On July 20, 1998, the Tax Court Judge denied BUF's motion for summary judgment. *Id.* at 457. He held that BUF was not entitled to the Historic Site and Green Acres exemptions for the 1996 tax year because the property only became eligible for those exemptions after the October 1, 1995 assessment date for the 1996 tax year. *Id.* at 454. The judge further held that BUF was not eligible for an exemption under *N.J.S.A.* 54:4–3.6 because the organization's certificate of incorporation and bylaws do not explicitly state an exempt purpose under the statute. *Id.* at 456. Despite its holding, the court did not enter final judgment as a matter of law in favor of

East Orange because it had not cross-moved for summary judgment.

On February 1, 1999, East Orange moved for summary judgment declaring BUF ineligible for an exemption under *N.J.S.A.* 54:4–3.6.[1] Plaintiff cross-moved for summary judgment. Relying primarily upon his prior reported opinion, the judge granted East Orange's motion for summary judgment and dismissed the case.

The facts are sufficiently set forth in the opinion of Judge Small in the Tax Court (17 *N.J.Tax* at 448–451) and need not be further repeated here.

We affirm substantially for the reasons stated by Judge Small in his decision reported at 17 *N.J.Tax* at 446 and add only the following comments.

■ Examination of BUF"s corporate documents indicates that the judge correctly held that they do not reveal an intent to be organized exclusively for an exempt purpose under *N.J.S.A.* 54:4–3.6. BUF"s stated purpose is to solicit and raise funds to distribute to certain nonprofit agencies. As stated in *1711 Third Ave., Inc. v. Asbury Park,* 16 *N.J.Tax* 174, 182 (Tax 1996), "making distributions to an entity exempt from federal income tax is not one of the enumerated exempt purposes in *N.J.S.A.* 54:4–3.6. . . ." Thus, BUF"s primary stated purpose fails to bring the entity within the ambit of the exemption statute and the Tax Court Judge properly denied an exemption on that basis.

■■ Additionally, BUF"s bylaws state that it is operated for charitable, religious, and educational purposes, and to promote the interests, welfare, educational and social development of the relevant community within the meaning of § 501(c)(3) of the Internal Revenue Code of 1954. The bylaws refer only to an entitlement to

---

[1] It is unclear from the record whether BUF abandoned its claims under the Historic Site and Green Acres exemptions following the denial of its summary judgment motion, but East Orange's summary judgment motion and the instant appeal apply only to BUF's exemption claim under *N.J.S.A.* 54:4–3.6.

an exemption from federal income taxation, and make no mention of any New Jersey statutes. It is well established that the standards under § 501(c)(3) "have no relation to state law governing property tax exemption." *The Presbyterian Homes v. Division of Tax Appeals,* 55 *N.J.* 275, 286, n. 3, 261 *A.*2d 143 (1970). In other words, "[n]onprofit status ... cannot be equated with charitableness. Rather, it is but one factor which merits consideration in the determination whether property is being used for charitable purposes." *Parker v. St. Stephen's Urban Dev.,* 243 *N.J.Super.* 317, 324, 579 *A.*2d 360 (App.Div.1990) (quoting *The Presbyterian Homes v. Division of Tax Appeals, supra* (55 *N.J.* at 286, 261 *A.*2d 143)). Therefore, without more, statements of purpose which are clearly intended only to provide for an exemption under § 501(c)(3), and make no mention of the exempt purposes under *N.J.S.A.* 54:4–3.6, are insufficient to warrant a property tax exemption under the statute.

Affirmed.