

# TAX COURT OF NEW JERSEY

**JOSHUA D. NOVIN**
**Judge**

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

## NOT FOR PUBLICATION WITHOUT THE APPROVAL
## OF THE TAX COURT COMMITTEE ON OPINIONS

March 13, 2026

Richard J. Abrahamsen, Esq.
AbrahamsenGrant, LLC
333 Sylvan Avenue, Suite 107
Englewood Cliffs, New Jersey 07632

Timothy M. Kawira
Deputy Attorney General
Division of Law
R.J. Hughes Justice Complex
P.O. Box 106
Trenton, New Jersey 08625-0106

> Re:  Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
> <u>Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation</u>
> Docket No. 003279-2023

Dear Mr. Abrahamsen and Deputy Attorney General Kawira:

This letter shall constitute the court's opinion on the motion for summary judgment brought by the Director, Division of Taxation ("Division"). The Division seeks entry of an order dismissing with prejudice the complaint of the Estate of Jack J. Navatta and Jack Navatta Trust by Roseann Abrahamsen, Executrix/Trustee ("plaintiff" or "Estate"), for lack of subject matter jurisdiction, under N.J.S.A. 54:51A-14, N.J.S.A. 54A:9-10(a), N.J.S.A. 54:49-18, and <u>R.</u> 8:4-1(b).

For the reasons explained below, the court denies the Division's motion.

## I.   <u>Findings of Fact and Procedural History</u>

Pursuant to <u>R.</u> 1:7-4, the court makes the following factual findings and conclusions of law based on its review of the pleadings, the undisputed statements of fact, the affidavits, and exhibits submitted by the Division.


Interpreter


ADA
Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -2-

On March 28, 2016, Jack James Navatta ("decedent") executed a Last Will and Testament ("Will"), revoking all prior wills and codicils, and naming his niece, Roseann Abrahamsen ("Roseann"), as Executrix. On the same day, the decedent executed the Jack J. Navatta Living Trust ("Trust"), naming the decedent and Roseann, as co-trustees.

The Will directed that upon his death, all the decedent's tangible personal property and real property shall be distributed as provided under the Trust. The stated purpose of the Trust was "to ensure that the best available care and support are provided to me to meet all lifetime needs. All assets of the Trust Estate are to be considered available for that purpose, and the Trustee shall at all times be guided by that purpose and intent." The Trust further provided that during the decedent's lifetime, the trustee shall distribute to the decedent so much of the income and principal of the Trust, as the decedent directed.

The Trust authorized the trustees to make gifts, not exceeding the annual Federal gift tax exclusion amount, from the Trust to the decedent's sister, and the decedent's nieces, including Roseann. The Trust further permitted the trustees to make gifts exceeding the annual Federal gift tax exclusion amount to the decedent's sister and nieces "as part of a Medicaid planning strategy or [to] reduce state or federal estate, gift or generation-skipping transfer taxation." Finally, the Trust permitted the trustees to "make gifts without limitation as to amount to facilitate [the decedent] qualifying for the receipt of government benefits for [his] long-term health care and nursing home needs."

On August 23, 2019, the decedent died at 95 years of age. On September 3, 2019, the Bergen County Surrogate admitted the Will to probate, and issued Letters Testamentary to Roseann on September 4, 2019.

   

Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -3-

On or about March 19, 2020, the Estate filed a State of New Jersey Inheritance Tax Return – Resident Decedent ("IT-R"), reporting the decedent's gross estate as $2,822,342, deductions of $67,324, and a net estate of $2,755,018. The IT-R further reported taxable distributions to five (5) "Class C" beneficiaries totaling $2,080,018, and a Transfer Inheritance Tax of $260,053. Schedule C of the IT-R reported that the decedent made, within three years of his death, transfers without having received full financial consideration totaling $646,756, including a $602,256 transfer to Harkmark, LLC.[1] Schedule E of the IT-R identified the beneficiaries under the Will as the decedent's sister, Mildred Tozzo, and his nieces – Roseann, Marie Lipari-Long, Rachel Bonadeo, and Lucille Nolan. Each beneficiary was reported as "Class C," having a 20% interest in the Estate.[2]

On October 15, 2020, following an audit of the IT-R, the Division issued the Estate its first Notice of Assessment ("First Notice of Assessment"). The First Notice of Assessment determined that the total Transfer Inheritance Tax due from the Estate was $396,763.11, and that after interest and credits for amounts previously paid, a balance of $144,613.08 remained due. The First Notice of Assessment stated, in part, that:

> ***How long do I have to appeal if I disagree with this assessment?***
> You have **90 days** to appeal this notice in writing to the Division of Taxation or to file a complaint with the Tax Court of New Jersey. If

---

[1] Harkmark LLC ("Harkmark") is apparently owned by Roseann's husband, Harry J. Abrahamsen, Sr. Roseann is also an employee of Harkmark. Harkmark's 2016 balance sheet apparently did not identify the decedent as a creditor. However, as of December 31, 2017, Harkmark's balance sheet allegedly reported a $231,600 liability to "Jack Navatta." As of December 31, 2018, Harkmark's balance sheet allegedly reported a $436,656 liability to "Jack Navatta." As of December 31, 2019, Harkmark's balance sheet allegedly reported a $684,656 liability to "Jack Navatta."

[2] Class C beneficiaries include siblings, the spouse or surviving spouse of a child of a decedent and the civil union partner or surviving civil union partner of a child. Class D beneficiaries include nieces and nephews, aunts, uncles, cousins, personal friends, step-grandchildren, ex-spouses, and live-in partners.






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
<u>Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation</u>
Docket No. 003279-2023
Page -4-

you do not appeal within 90 days, the assessment reflected on this notice will become final.

***What are my appeal rights?*** You may apply for a conference or an administrative review by writing to the Inheritance and Estate Tax Branch . . .

**Or**

File an appeal with the Tax Court of New Jersey within 90 days of this notice. Write to Tax Court of New Jersey, Richard J. Hughes Justice Complex, PO Box 972, Trenton, NJ 08625-0972 to obtain a form and copy of the rules for filing a complaint.

. . .

***If this Notice of Assessment only reflects additional interest or the receipt of payment(s),*** you have the same protest and appeal rights stated on the back of the previous Notice(s) of Assessment we sent you. This notice is not a corrected assessment.

Under letter dated December 10, 2020, the Estate's former counsel disputed the findings contained under the Division's First Notice of Assessment, contending that the $646,756 Schedule C transfer was a "debt instrument payment" and "not a gratuitous transfer."

Under letter dated Febuary 24, 2021, the Estate's former counsel asserted that the "decedent had advanced loans to Harkmark, LLC" and that the Estate's "accountant improperly reported this" as a transfer without full financial consideration.

Under letter dated June 9, 2021, the Estate's former counsel submitted to the Division what was purported to be an "asset valuation of Harkmark LLC to show that the loan was worthless as of the date of death."

Under letter dated July 30, 2021, the Division advised the Estate's former counsel that the asset valuation "has been deemed insufficient by the Division to warrant adjustment" to the First Notice of Assessment.






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -5-

Under letter dated August 6, 2021, the Estate's former counsel again objected to the Division's position and requested the Division re-evaluate the information submitted.

Under letter dated August 30, 2021, the Division advised that "there is no loan agreement or clear supporting documentation to establish that a debtor-creditor relationship existed between Jack Navatta and Harkmark, LLC. Therefore, the information submitted by the estate is insufficient to warrant an adjustment" of the First Notice of Assessment.

Under letter dated September 28, 2021, the Estate's former counsel submitted a "formal protest" of the Division's First Notice of Assessment.

On November 16, 2021, a conference was held with the Division's Conference and Appeals Branch.

On December 8, 2021, the Division issued the Estate its first Final Determination Letter ("First Final Determination Letter"). The First Final Determination Letter was received by the Estate's former counsel on December 11, 2021.

The First Final Determination letter upheld the findings under the First Notice of Assessment stating that, the Trust "did not have any indication [permitting a trustee] to advance money or make loans from the trust. In this regard, the trustee did not have authority to make the loans from the trust." Instead, the Division found that the $602,256 were "intra-family loans" and served as "devices to transfer [wealth] to other family members and not bona fide transactions. . . ." Moreover, the Division concluded that if there was a "loan to Harkmark, LLC, said amount should be reported as decedent's account receivable on the Inheritance Tax Return."

The First Final Determination Letter recited that:

> In the event that you are not in accord with the above determination,
> you have ninety (90) days from the date hereof to appeal this matter






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -6-

before the Tax Court of New Jersey, in accordance with the provisions of N.J.S.A. 54:51A-13 et seq.

On March 17, 2022, the Division issued the Estate a second Notice of Assessment ("Second Notice of Assessment"). The Second Notice of Assessment mirrored the $396,763.11 Transfer Inheritance Tax calculation set forth under the First Notice of Assessment. However, the Second Notice of Assessment included additional accrued interest, and asserted a Transfer Inheritance Tax balance due of $163,939.77. The Second Notice of Assessment stated, in part, that:

> ***How long do I have to appeal if I disagree with this assessment?***
> You have **90 days** to appeal this notice in writing to the Division of Taxation or to file a complaint with the Tax Court of New Jersey. If you do not appeal within 90 days, the assessment reflected on this notice will become final.
>
> ***What are my appeal rights?*** You may apply for a conference or an administrative review by writing to the Inheritance and Estate Tax Branch . . .
>
> **Or**
>
> File an appeal with the Tax Court of New Jersey within 90 days of this notice. Write to Tax Court of New Jersey, Richard J. Hughes Justice Complex, PO Box 972, Trenton, NJ 08625-0972 to obtain a form and copy of the rules for filing a complaint.
> . . .
>
> ***If this Notice of Assessment only reflects additional interest or the receipt of payment(s),*** you have the same protest and appeal rights stated on the back of the previous Notice(s) of Assessment we sent you. This notice is not a corrected assessment.

On or about March 21, 2022, and March 31, 2022, the Estate remitted Transfer Inheritance Tax payments to the Division totaling $57,252.51.

On March 29, 2022, the Estate's former counsel submitted a notice of protest to the Division challenging the Second Notice of Assessment. The letter asserted that "the value of






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -7-

Harkmark, LLC, which was the Estate's primary asset, was significantly less than the Division's claim."

On or about June 23, 2022, the Division issued Notices of Inheritance Tax Responsibility to each Estate beneficiary (individually, "Responsibility Letter" and collectively, the "Responsibility Letters"). The Responsibility Letters advised each beneficiary of their personal liability for the outstanding Transfer Inheritance Tax due.

In addition, on or about June 23, 2022, the Division issued a Responsibility Letter to "Harkmark, LLC c/o Harry J. Abrahamsen, 116 Woodbine Avenue, Little Silver, New Jersey 07739," asserting that "[b]ecause you are either a beneficiary, executor, administrator, grantee, done, or vendee of this estate, you are personally liable for $24,794.70 of taxes due."

On or about July 8, 2022, the Division issued a revised Responsibility Letter to "Harkmark, LLC c/o Harry J. Abrahamsen, Sr., 72 Woodbury Court, Washington Township, New Jersey 07676," asserting that "[b]ecause you are either a beneficiary, executor, administrator, grantee, done, or vendee of this estate, you are personally liable for $24,794.70 of taxes due."

Under letter dated July 8, 2022, plaintiff's counsel advised the Division that he represented Roseann "and others" with respect to the Responsibility Letters. Plaintiff's counsel advised the Division that "we hereby appeal and protest the assessment set forth in your correspondence of June 23, 2022."

Under letter dated November 2, 2022, plaintiff's counsel asserted that the Division's "assessment . . . was based . . . upon an incorrect statement as to the amount of actual distributions to the beneficiaries of the trust . . . [and] was based upon an estate tax return that was prepared by an elderly and infirm accountant . . . who had his office staff . . . actually preparing documents for






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
<u>Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation</u>
Docket No. 003279-2023
Page -8-

him while he was in a nursing home facility."

On December 16, 2022, another conference was held with the Division's Conference and Appeals Branch.

On December 21, 2022, the Division issued the Estate a second Final Determination Letter ("Second Final Determination Letter").[3]

The Second Final Determination letter states that "[t]his is the FINAL DETERMINATION of the Division of Taxation . . . with regard to your request set forth for an appeal and protest pertaining to the New Jersey Inheritance Tax assessment made on October 15, 2020." Like the First Final Determination Letter, the Second Final Determination Letter found that the Trust "did not have any indication [permitting a trustee] to advance money or make loans from the trust. In this regard, the trustee did not have authority to make the loans from the trust." The Second Final Determination Letter recited that the $602,256 were "intra-family loans" and served as "devices to transfer [wealth] to other family members and not bona fide transactions. . . ." The Second Final Determination Letter also concluded that if there was a "loan to Harkmark, LLC, said amount should be reported as decedent's account receivable on the Inheritance Tax Return."

Importantly, the Second Final Determination Letter further recited that:

> In the event that you are not in accord with the above determination, you have ninety (90) days from the date hereof to appeal this matter before the Tax Court of New Jersey, in accordance with the provisions of N.J.S.A. 54:51A-13 et seq.

On or about March 8, 2023, Roseann filed an amended New Jersey Inheritance Tax Return

---

[3] It is unclear from the motion record before the court when the Second Final Determination Letter was delivered to plaintiff's counsel. However, the date the Second Final Determination Letter was received by plaintiff's counsel is dispositive to the court's resolution of the motion.






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -9-

Resident Decedent ("Amended IT-R") with the Division. The Amended IT-R reflected the gross estate as $2,822,342, deductions of $252,411, and a net estate of $2,569,931. The Amended IT-R reported taxable distributions to five (5) "Class C" beneficiaries totaling $2,569,931, claimed exemptions of $675,000, taxable distributions of $1,894,931, and reflected a Transfer Inheritance Tax due of $230,439. Schedule B(1) of the Amended IT-R reflected a loan receivable to the Estate from Harkmark in the sum of $602,256. The Amended IT-R sought a refund of Transfer Inheritance Tax paid in the sum of $82,867.

On March 20, 2023, eighty-nine (89) days from issuance of the Second Final Determination Letter, plaintiff filed the instant complaint with the Tax Court contesting the Division's Second Final Determination Letter.

## II. Conclusions of Law

### A. Summary judgment

Summary judgment "'serve[s] two competing jurisprudential philosophies': first, 'the desire to afford every litigant who has a *bona fide* cause of action or defense the opportunity to fully expose his case,' and second, to guard 'against groundless claims and frivolous defenses,' thus saving the resources of the parties and the court." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 541-42 (1995)).

R. 4:46-2 outlines the circumstances under which summary judgment should be granted:

> if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.
>
> [R. 4:46-2.]






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -10-

In <u>Brill</u>, our Supreme Court explained that "the essence of the inquiry [is] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 142 N.J. at 536 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)). In conducting this inquiry, the trial court must engage in a "kind of weighing that involves a type of evaluation, analysis and sifting of evidential materials." <u>Ibid.</u> The standard established by our Supreme Court in <u>Brill</u> is as follows:

> [W]hen deciding a motion for summary judgment under <u>R.</u> 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential material presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.
>
> [<u>Id.</u> at 536.]

In considering the material evidence before it with which to determine if there is a genuine issue of material fact, the court must view most favorably those items presented to it by the party opposing the motion and all doubts are to be resolved against the movant. <u>Ruvolo v. American Casualty Co.</u>, 39 N.J. 490, 491 (1963). A court charged with "deciding a summary judgment motion does not draw inferences from the factual record as does the factfinder in a trial, . . . [i]nstead, the motion court draws all legitimate inferences from the facts in favor of the non-moving party." <u>Globe Motor Co.</u>, 225 N.J. at 480 (internal citations omitted). The denial of a summary judgment is appropriate where the evidence is of such a quality and quantity that reasonable minds could return a finding favorable to the non-moving party. <u>Brill</u>, 142 N.J. at 534.

As this court has stated, "an unopposed motion [for summary judgment] will not be granted unless the court is satisfied that the legal standards for granting the motion have been met." <u>Black</u>






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -11-

United Fund of N.J., Inc. v. City of East Orange, 17 N.J. Tax 446, 448-49 (Tax 1998), aff'd, 339 N.J. Super. 462 (App. Div. 2001). Regardless of whether the summary judgment motion is opposed, the court is obligated to "review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (internal citation omitted).

Even when faced with an uncontested motion, the court must make detailed factual findings and relate those facts to its legal conclusions, to determine whether the movant is entitled to relief. See R. 4:46-2(c); R. 1:7-4(a). The court's responsibility includes an "obligation to" decide all critical issues. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4(a) (2026). Thus, although R. 4:46-2(b) deems as admitted sufficiently supported material facts that are not disputed by the non-movant, R. 1:7-4(a) requires the "motion judge [to] correlate those facts to legal conclusions. The court rules do not provide any exception from this obligation where the motion is unopposed. R. 1:7-4(a); R. 4:46-2(c)." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299-300 (App. Div. 2009).

Having reviewed the pleadings, affidavit, and undisputed statements of material fact, the court finds that although the Division's motion for summary judgment is unopposed, it is not entitled to summary judgment as a matter of law.

B.    Jurisdiction

The court's analysis begins with a principle that is axiomatic, the Tax Court is a court of limited jurisdiction. N.J.S.A. 2B:13-2. As our Supreme Court recently observed, the narrow jurisdiction of the Tax Court is "defined by statute . . . It is against this comprehensive mosaic of






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -12-

procedural safeguards -- one with which continuing strict and unerring compliance must be observed." McMahon v. City of Newark, 195 N.J. 526, 529 (2008).

This court's jurisdiction to review any decision, order, finding, assessment or action of the Division is clearly delineated under our statutes. N.J.S.A. 54:51A-14, provides, in part, that:

> all complaints shall be filed within 90 days after the date of the action sought to be reviewed.
>
> [N.J.S.A. 54:51A-14.]

Similarly, N.J.S.A. 54A:9-10(a) provides that:

> [a]ny aggrieved taxpayer may, within 90 days after any decision, order, finding, assessment or action of the Director of the Division of Taxation made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law., R.S. 54:48-1, et seq.
>
> [N.J.S.A. 54A:9-10(a).]

The State Uniform Tax Procedure Law ("SUTPL"), N.J.S.A. 54:48-1 to 54-6, enacted to govern the administration of the New Jersey tax statutes, similarly identifies the applicable limitations period. N.J.S.A. 54:49-18 similarly provides that:

> If any taxpayer shall be aggrieved by any finding or assessment of the director, he may, within 90 days after the giving of the notice of assessment or finding, file a protest in writing signed by himself or his duly authorized agent . . . and may request a hearing. Thereafter the director shall grant a hearing to the taxpayer, if the same shall be requested, and shall make a final determination confirming, modifying or vacating any such finding or assessment . . . The time for appeal to the Tax Court pursuant to subsection a. of [N.J.S.A.] 54:51A-14 . . . shall commence from the date of the final determination by the director.
>
> [N.J.S.A. 54:49-18.]

Our court rules mirror these statutory schemes, requiring that "[c]omplaints seeking to






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -13-

review actions of the Director of the Division of Taxation . . . with respect to a tax matter . . . shall be filed within 90 days after the date of the action to be reviewed." R. 8:4-1(b).

The 90-day limitations period is "calculated from the date of service of the decision or notice of the action taken." R. 8:4-2. In Liapakis v. State Dep't of Treasury, Div. of Taxation, 363 N.J. Super. 96, 99 (App. Div. 2003), certif. denied, 179 N.J. 369 (2004), our Appellate Division concluded that R. 8:4-2 applies to calculation of the 90-day period and therefore, the 90-day limitations period begins to run upon the taxpayer's receipt of the notice.

An exacting compliance with the statutory provisions and court rules is a fundamental prerequisite to conferring jurisdiction on this court. It is well-settled that "statutes of limitation applicable to suits against the government are conditions attached to the sovereign's consent to be sued and must be strictly construed." H.B. Acquisitions, Inc. v. Dir., Div. of Taxation, 12 N.J. Tax 60, 65 (Tax 1991). The "court has no power . . . to relax or dispense with a statute of limitations passed by the Legislature and approved by the Governor." Prospect Hill Apartments v. Borough of Flemington, 172 N.J. Super. 224, 227 (Tax 1979).

A taxpayer's failure to comply with the applicable limitations period is "of particular concern in tax matters, given 'the exigencies of taxation and the administration of . . . government.'" Millwork Installation, Inc. v. State Dep't of the Treasury, Div. of Taxation, 25 N.J. Tax 452, 459 (Tax 2010) (quoting F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424 (1985)). The court's strict adherence to "limitation period[s] is mandatory and is justified by the need for predictability of revenues by the State." McCullough Transportation Co. v. Motor Vehicles Division, 113 N.J. Super. 353 (App. Div. 1971). In the taxation arena, "statutes of limitation and limitation periods play a vital role. Legislative policy has consistently followed the






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -14-

salutary principle that proceedings concerning tax assessments and governmental fiscal matters be brought expeditiously within established time periods." L.S. Village, Inc. v. Lawrence Twp., 8 N.J. Tax 287 (Law Div. 1985), aff'd, 8 N.J. Tax 327 (App. Div. 1986).

C.    Court's analysis

Here, the Division argues that plaintiff's complaint should be dismissed under N.J.S.A. 54:51A-14(a), N.J.S.A. 54:49-18, and R. 8:4-1, as untimely filed.

As recounted above, the Division issued its First Notice of Assessment on October 15, 2020. Under letter dated December 10, 2020, plaintiff's former counsel disputed the assessment contending that the $646,756 Schedule C transfer was a "debt instrument payment" and "not a gratuitous transfer." Thereafter, several communications were exchanged between plaintiff's former counsel and the Division between Febuary 24, 2021 and August 6, 2021, whereby documents demonstrating the alleged loan transactions were furnished to the Division. Finally, under letter dated August 30, 2021, the Division responded stating, "there is no loan agreement or clear supporting documentation to establish that a debtor-creditor relationship existed between Jack Navatta and Harkmark, LLC. Therefore, the information submitted by the estate is insufficient to warrant an adjustment [of the First Notice of Assessment]."

Accordingly, under letter dated September 28, 2021, plaintiff's former counsel timely submitted a "formal protest" of the First Notice of Assessment to the Division. Thereafter, on November 16, 2021, a conference was held with the Division's Conference and Appeals Branch.

On December 8, 2021, the Division issued its First Final Determination Letter finding that the "the trustee did not have authority to make the loans from the trust." The Division found that the $602,256 were "intra-family loans" and served as "devices to transfer [wealth] to other family






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -15-

members and not bona fide transactions. . . ."  The First Final Determination Letter recited that,

"in the event that you are not in accord with the above determination, you have ninety (90) days

from the date hereof to appeal this matter before the Tax Court of New Jersey. . . ."

However, for reasons that are unclear to the court in the motion record, on March 17, 2022,

the Division issued plaintiff a Second Notice of Assessment.  Although the Division contends that

this notice was a "Statement of Account," the court's review of the document clearly and

unequivocally demonstrates that it was a "Notice of Assessment."  The communication stated in

bold black lettering at the top of the page, "Notice of Assessment," and reflected a total Transfer

Inheritance Tax due from the Estate in the sum of $396,763.11.  The Second Notice of Assessment

further stated that after interest and credits for amounts previously paid, a Transfer Inheritance Tax

balance of $163,939.77 remained due.

Importantly, the Second Notice of Assessment further informed its recipient that:

> ***How long do I have to appeal if I disagree with this assessment?***
> You have **90 days** to appeal this notice in writing to the Division of
> Taxation or to file a complaint with the Tax Court of New Jersey.  If
> you do not appeal within 90 days, the assessment reflected on this
> notice will become final.
> . . .
>
> ***If this Notice of Assessment only reflects additional interest or the
> receipt of payment(s),*** you have the same protest and appeal rights
> stated on the back of the previous Notice(s) of Assessment we sent
> you. This notice is not a corrected assessment.

Here, it is undisputed by the Division that the Second Notice of Assessment contained

terms or provisions affording plaintiff a ninety (90) day protest or appeal right.  It is also undisputed

by the Division that plaintiff's protest of the Second Notice of Assessment to the Division's

Conference and Appeals Branch was submitted within ninety (90) days of the Second Notice of






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -16-

Assessment. Moreover, it is also undisputed by the Division that the Second Final Determination Letter expressly afforded plaintiff a ninety (90) day appeal right. Finally, it is undisputed by the Division that the plaintiff's complaint in the instant matter was filed with the Tax Court within the ninety (90) day window afforded under the Second Final Determination Letter.

Instead, the Division contends that the court should construe the Second Notice of Assessment as a "Statement of Account" because it reflected only additional interest that accrued on the Transfer Inheritance Tax balance. Moreover, the Division fails to address the issuance and content of the Second Final Determination Letter, suggesting instead that the court should somehow ignore its contents and provisions. However, the court finds the Division's arguments unpersuasive and not supported by our legal jurisprudence and the express language of the documents.

Under the SUTPL, the Division is required to set forth for taxpayers, in "simple and nontechnical terms" the following information:

   a. The procedural and substantive rights of a taxpayer under the State Uniform Procedure Law, [N.J.S.A.] 54:48-1 et seq., including information and notice standards, rights of representation and confrontation. . .
   b. the procedures and time limits to protest an assessment or decision of the director;
   c. The procedures and time limits to appeal a final decision of the director;

   [N.J.S.A. 54:48-6(c).]

Moreover, our Supreme Court has expressed that government officials have a duty to act scrupulously and "solely in the public interest. In dealing with the public, government must 'turn square corners.'" F.M.C. Stores Co., 100 N.J. at 426 (citing Gruber v. Mayor and Twp. Com. of Raritan Twp., 73 N.J. Super. 120 (App. Div), aff'd, 39 N.J. 1 (1962)). The square corners doctrine






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -17-

is premised on the principle that the government:

> may not conduct itself so as to achieve or preserve any kind of bargaining or litigational advantage over the property owner. Its primary obligation is to comport itself with compunction and integrity, and in doing so government may have to forego the freedom of action that private citizens may employ in dealing with one another.
>
> [Id. at 426-427.]

The square corners doctrine provides that:

> statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly. It is to be assumed that the [taxing authority] will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives.
>
> [Id. at 427.]

Moreover, this court has held that where a notice of assessment sent by the Division contained erroneous and misleading information, the square corners doctrine will thwart the Division's motion seeking to dismiss the appeal as untimely. Gastime, Inc. v. Dir., Div. of Taxation, 20 N.J. Tax 158, 168 (Tax 2002). Importantly, the relief that may be afforded under the square corners' doctrine should not "be exercised or withheld rigidly, but [is] always subject to the guiding principles of fundamental fairness." New Concepts for Living, Inc. v. City of Hackensack, 376 N.J. Super. 394, 404 (App. Div. 2005).

The Second Final Determination Letter clearly and unequivocally states "[t]his is the FINAL DETERMINATION of the Division . . . with regard to your request set forth for an appeal and protest pertaining to the New Jersey Inheritance Tax assessment made on October 15, 2020." Thus, it cannot plausibly be argued that the Second Final Determination Letter was intended to






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -18-

address any issue or tax other than the Division's October 15, 2020 assessment of a $396,763.11

Transfer Inheritance Tax upon the Estate.

In addition, the Second Final Determination Letter further stated:

> In the event that you are not in accord with the above determination,
> you have ninety (90) days from the date hereof to appeal this matter
> before the Tax Court of New Jersey, in accordance with the
> provisions of N.J.S.A. 54:51A-13 et seq.

Moreover, the Second Final Determination Letter was issued on December 21, 2022. On

March 20, 2023, eighty-nine (89) days later, plaintiff timely filed its complaint in the instant matter

contesting the October 15, 2020 assessment under the Division's Second Final Determination

Letter.

The court finds that in issuing its Second Notice of Assessment and Second Final

Determination Letter, the Division afforded plaintiff the rights to administratively challenge and

appeal the October 15, 2020 Transfer Inheritance Tax assessment. Accordingly, the Division's

contention that the court should construe the First Notice of Assessment and First Final

Determination Letter as the sole guideposts for gauging the timeliness of plaintiff's appeal fails to

accurately account for the rights expressly afforded to the plaintiff by the Division under the

Second Notice of Assessment and Second Final Determination Letter. Therefore, for the reasons

set forth herein, dismissal of plaintiff's complaint under N.J.S.A. 54:51A-14, N.J.S.A. 54A:9-

10(a), N.J.S.A. 54:49-18, and R. 8:4-1(b), would be inappropriate.

### III. Conclusion

The court finds that plaintiff's complaint was timely filed within the ninety (90) day

limitations period following receipt of the Second Final Determination Letter, as required under

N.J.S.A. 54:51A-14, N.J.S.A. 54A:9-10(a), and R. 8:4-1(b). Accordingly, the Division's motion






Estate of Jack J. Navatta and Jack Navatta Trust by Roseann
Abrahamsen, Executrix/Trustee v. Dir., Div. of Taxation
Docket No. 003279-2023
Page -19-

for summary judgment seeking dismissal of plaintiff's complaint for want of jurisdiction is denied.

Very truly yours,


Hon, Joshua D. Novin, J.T.C.




